1  BARRY J. PORTMAN
   Federal Public Defender
2  ANGELA M. HANSEN
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for Defendant HUMPHREY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.   CR-10-00681-CW |
| Plaintiff, ) | |
| ) | STIPULATED REQUEST TO CONTINUE |
| v. ) | HEARING DATE TO NOVEMBER 17, |
| ) | 2010 AND TO EXCLUDE TIME UNDER |
| ) | THE SPEEDY TRIAL ACT AND ORDER |
| TYRONE LAVAR HUMPHREY, ) | |
| Defendant. ) | Hearing Date: October 13, 2010 |
| ) | Time:           10:00 a.m. |

The above-captioned matter is set on October 13, 2010 before this Court for a status hearing. The parties jointly request that the Court continue the matter to November 17, 2010, at 10:00 a.m., and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), between October 13, 2010 and November 17, 2010.

On September 16, 2010, a Federal Grand Jury charged Mr. Humphrey with conspiracy to interfere with commerce by robbery and extortion in violation of 18 U.S.C. § 1951(a), armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d), and forced accompaniment in violation of 18 U.S.C. 2113(e). If convicted, Mr. Humphrey faces a mandatory minimum sentence of 10 years for the forced accompaniment charge, and a maximum sentence of 25 years for the armed bank robbery count.

Stip. Req. To Continue Hearing Date and to
Exclude Time, CR-10-00681-CW

The current status of the case is that the parties are negotiating this matter and anticipate that there may be a negotiated disposition of the case. If there is a negotiated disposition, the parties plan to submit a proposed plea agreement to the Court at least two days in advance of the requested hearing date. In the meantime, on September 17, 2010, the government produced discovery to the defense and defense counsel needs additional time to review and process the discovery provided. The defense also requires additional time to prepare an investigation of the circumstances of the offense and to assess and confirm Mr. Humphrey's Guidelines range.

The requested continuance will allow the defense time to complete its review of the discovery, to investigate the underlying facts of the case, and to research and to confirm Mr. Humphrey's Guidelines range. For this reason, the parties agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The parties further stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the parties agree that the period of time from October 13, 2010 to November 17, 2010, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: October 12, 2010              /S/
                                     SUZANNE B. MILES
                                     Assistant United States Attorney

DATED: October 12, 2010              /S/
                                     ANGELA M. HANSEN
                                     Assistant Federal Public Defender

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1. Given defense counsel's need to complete its review the discovery;

2. Given that the defense needs additional time to investigate the underlying facts of the case and to research defendant's sentencing Guidelines range;

3. Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4. Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, it is ordered that the status hearing date of October 13, 2010, scheduled at 10:00 a.m., is vacated and reset for November 17, 2010, at 10:00 a.m., before the sitting United States Magistrate Judge. It is further ordered that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from October 13, 2010 to November 17, 2010.

October 12, 2010

HON. DONNA M. RYU
United States Magistrate Judge